FILED
July 30, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | NO. SA-23-CR-00537-OLG |
| | § | |
| ROBERT COPE | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed July 3, 2025, concerning Defendant's Motion to Dismiss 18 U.S.C. § 922(a)(6) Indictment (Dkt. No. 46). (*See* R&R, Dkt. No. 53).

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen (14) days after being served with a copy of the findings and recommendations. FED. R. CRIM. P. 59(b)(2). Defendant, through counsel, was electronically served with a copy of the R&R on July 3, 2025, and timely filed his objections on July 22, 2025.[1] (*See* Dkt. No. 62).

When a party objects to an R&R, the Court must make a de novo determination as to "any objection to the magistrate judge's recommendation." FED. R. CRIM. P. 59(b)(3); *see United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Here, Defendant objects to the R&R on the grounds that: (1) the Government has not shown that manslaughter was punishable by death at the time the Second Amendment was ratified, and (2) he cannot be dispossessed of a firearm based on "some amorphous dangerousness threshold."[2] (*See* Dkt. No. 62 at 3–6). After carefully reviewing those

---

[1] On July 21, 2025, Defendant moved for an extension of time to file his objections to the R&R. (*See* Dkt. No. 61). Considering the Government's non-opposition to Defendant's requested relief, the Court granted Defendant's motion and extended his deadline to file his objections to July 22, 2025. (*See* Text Order GRANTING [61]). Defendant filed his objections on July 22, 2025; thus, his objections are timely.

[2] Defendant also objects to the Fifth Circuit's as-applied analysis in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), as well as § 922(g)(1)'s facial constitutionality. (*See* Dkt. No. 62 at 4–6). Because such objections are solely for appellate preservation and are foreclosed by Fifth Circuit precedent, the Court will not address them.

portions of the R&R de novo, the Court finds that the Magistrate Judge correctly applied the relevant law to the facts.

In its Response, the Government cites *Bullock* to demonstrate that § 922(g)(1) is consistent with Founding-era law, whereby individuals convicted of homicide were sentenced to death.[3] (*See* Dkt. No. 49 at 8); *see also* An Act for the Punishment of Certain Crimes Against the United States, 1 Stat. 112, 113 (1790). In *Bullock*, the Fifth Circuit recognized that "[t]here can be no doubt that manslaughter and aggravated assault . . . constitute dangerous and violent crimes." *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024). After emphasizing the Nation's "historical tradition of severely punishing individuals convicted of homicide," the Fifth Circuit, in no uncertain terms, found that an individual convicted of manslaughter and aggravated assault with a firearm could constitutionally be dispossessed of such a weapon under § 922(g)(1). *Id.* As such, the Court finds that the Government has met its burden to show that manslaughter—a form of homicide—was punishable by death at the Founding.[4]

Defendant's "dangerousness" argument is similarly unavailing in light of Fifth Circuit case law. In *Schnur*, the Fifth Circuit held that § 922(g)(1) was constitutional as applied to a defendant whose predicate aggravated battery offense did *not* involve the use of a firearm. *See United States v. Schnur*, 132 F.4th 863, 870 (5th Cir. 2025). In committing the offense, the defendant "brutally attacked the victim" by kicking and punching the victim while he was on the ground. *Id.* at 868. Notably, the appellate court acknowledged that its "caselaw suggests that there are historical analogues demonstrating our Nation's longstanding tradition of disarming persons with a violent

---

[3] *See Diaz*, 116 F.4th at 469 ("[I]f capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible.").

[4] *See United States v. Gomez*, 773 F. Supp. 3d 257, 280 (N.D. Tex. 2025) ("[I]n *Diaz* and *Bullock*, the [Fifth Circuit] easily located historical analogues because the defendants had convictions for vehicle theft and manslaughter—nearly identical to the common law crimes of horse theft and homicide that were punishable by death at the Founding.").

2

criminal history analogous to Schnur's [aggravated battery offense]." *Id.* at 869 (first citing *Bullock*, 123 F.4th at 185; then citing *United States v. Issac*, No. 24-50112, 2024 WL 4835243, at *1 (5th Cir. Nov. 20, 2024) (per curiam) (unpublished); and then citing *Diaz*, 116 F.4th at 471 n.5).

Here, Cope's predicate conviction for aggravated manslaughter of an elderly or disabled adult establishes that he "poses a clear threat of physical violence to another." *See United States v. Rahimi*, 602 U.S. 680, 698 (2024). Unlike the defendant's aggravated battery offense in *Schnur*, Cope's conduct resulted in the death of an individual. The Court, therefore, finds that § 922(g)(1) is not unconstitutional as applied to Cope, and his false representations concerning his felony status properly underpin his § 922(a)(6) indictment.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 53) and, for the reasons set forth therein, Defendant's Motion to Dismiss 18 U.S.C. § 922(a)(6) Indictment (Dkt. No. 46) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 30 day of July, 2025.

ORLANDO L. GARCIA
United States District Judge